# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

FADRIAN ANDREW SMITH,

    Plaintiff,

    v.                                                                                                                              Case No. 06-C-700

HEALTH SERVICE UNIT, Brown
County Jail, and BROWN COUNTY
JAIL ADMINISTRATION,

    Defendants.

## ORDER

    Plaintiff Fadrian Smith ("Smith") who is currently confined at the Brown County Jail, filed a pro se civil rights complaint under 42 U.S.C. § 1983. This matter comes before the court on the plaintiff's petition to proceed in forma pauperis.

    The plaintiff is required to pay the $350 statutory filing fee for this action. 28 U.S.C. § 1915(b)(1). If a prisoner does not have the money to pay the filing fee, he or she can request leave to proceed in forma pauperis. To proceed with an action in forma pauperis, the prisoner must complete a petition and affidavit to proceed in forma pauperis and return it to the court with a certified copy of the prisoner's trust account statement showing transactions for the prior six months. The court then assesses and, when funds exist, collects from the plaintiff at the time the action is filed an initial partial filing fee of 20% of the average monthly deposits to or the average monthly balance in the prisoner's trust account for the six-month period immediately preceding the filing of the complaint.

In this case, the plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint. The trust account statement demonstrates that the plaintiff lacks the funds to pay an initial partial filing fee. 28 U.S.C. § 1915(b)(4).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.

A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of Rex Hosp., 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege: 1) that he was deprived of a right secured by the Constitution or laws of the United States, and 2) that the deprivation was visited upon him by a person acting under color of state law. Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's pro se allegations, however inartfully pleaded, a liberal construction. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must include only "a short and plain statement of the claim showing that the pleader is entitled to relief." This statement must simply "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002) (quoting Conley, 355 U.S. at 47); see also Thomson v. Washington, 362 F.3d 969, 970-71 (7th Cir. 2004) (no heightened pleading requirement for pro se prisoner civil rights complaint). Of course, if a complaint pleads facts that show that a plaintiff does not have a claim, the complaint should be dismissed "without further ado." Thomson, 362 F.3d at 970.

The plaintiff's complaint names the Brown County Jail Health Service Unit and Brown County Jail Administration as defendants. The plaintiff alleges that in 2003, the defendants substituted "Ultram" a medication he was taking for migraines with a "Generic medication called Tramadol." See Complaint at 5-6. Apparently, the Tramadol interacted with the Dilantin he was also taking for epilepsy which caused "symptoms of overwhelming sickness." See Complaint at 6. He contends that he informed "both Correctional Staff and Register [sic] Nurse of Brown County Jail Administration" that he wanted to discontinue taking the Tramadol and would like to see another physician. See Complaint at 6. He maintains that his request to see another physician was denied and he was removed from the Huber work release program and placed in segregation for refusing

3

to take the Tramadol. According to his complaint, he was not released from segregated confinement until he resumed taking the Tramadol medication. As relief, plaintiff seeks $1,500,000 in damages.

Deliberate indifference to the serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain, and thus is proscribed by the Eighth Amendment. Walker v. Benjamin, 293 F.3d 1030, 1040 (7th Cir. 2002) (citing Estelle v. Gamble, 429 U.S. 97, 104-05 (1976)). This is the case "whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." Estelle, 429 U.S. at 104-05.

To state an Eighth Amendment medical care claim, the United States Supreme Court has held that "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Id. at 106. This standard involves an objective and subjective component. First, an inmate's needs must be objectively serious. A condition meets this standard if it is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention." Greeno v. Dailey, 414 F.3d 645, 653 (7th Cir. 2005). The phrase "serious medical needs" encompasses not only conditions that are life-threatening or that carry risks of permanent serious impairment if left untreated but also those in which the deliberately indifferent withholding of medical care results in needless pain and suffering. Gutierrez v. Peters, 111 F.3d 1364, 1371 (7th Cir. 1997).

The subjective component of a denial of medical care claim requires that the prison official act with a sufficiently culpable state of mind. Id. at 1369. This state of mind, referred to as deliberate indifference, requires at a minimum that a prison official be aware of and disregard a substantial risk to the health of the inmate. Greeno, 414 F.3d at 653. Inadvertent error, negligence,

4

gross negligence and ordinary malpractice do not constitute deliberate indifference. Vance v. Peters, 97 F.3d 987, 992 (7th Cir. 1996); see also Snipes v. DeTella, 95 F.3d 586, 590-91 (7th Cir. 1996).

It is unclear from plaintiff's complaint whether he is being held at the Brown County Jail as a pretrial detainee or a convicted prisoner. The distinction is without consequence insofar as it is well-established that a pretrial detainee must be afforded certain protections under the Fourteenth Amendment, including access to adequate medical care. Jackson v. Ill. Medi-Car, Inc., 300 F.3d 760, 764 (7th Cir. 2002) (citations omitted). Due process rights are at least as great as the protections afforded a convicted prisoner under the Eighth Amendment. Id. Accordingly, when considering a pretrial detainee's claim of inadequate medical care, the analogous standards under the Eighth Amendment are often used. Id.

Construed liberally, the plaintiff alleges that the defendants required that he continue to take prescribed medication with the knowledge that it would harm him, which states a claim under the Eighth Amendment. See Benson v. Cady, 761 F.2d 335, 341 (7th Cir. 1985). According to the allegations in the complaint, the defendants required the plaintiff to take the Tramadol even though they knew it interacted with the Dilatin and made him sick. These allegations arguably suggest that the plaintiff was subjected to needless pain and suffering as a result of the defendants' requirement that he continue taking the Tramadol. In addition, plaintiff alleges that he informed the defendants of the adverse side effects of the drug but they still required him to take the medication. Thus, the court cannot say, at this early stage of the proceedings, that the defendants were unaware that plaintiff's health would be at risk by continuing to take the Tramadol. For these reasons, plaintiff will be allowed to proceed on his Eighth Amendment denial of medical care claim.

5

## **ORDER**

**NOW, THEREFORE IT IS ORDERED** that the plaintiff's request to proceed in forma pauperis be and hereby is **granted**.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint, the summons, and this order upon the defendant pursuant to Federal Rule of Civil Procedure 4.

**IT IS ALSO ORDERED** that the defendant shall file a responsive pleading to the plaintiff's complaint.

**IT IS FURTHER ORDERED** that the Brown County Sheriff or his designee shall collect from the plaintiff's jail account the $350.00 balance of the filing fee by collecting monthly payments from the plaintiff's jail account in an amount equal to 20% of the preceding month's income credited to the his jail account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ALSO ORDERED** that copies of this order be sent to the Brown County Sheriff and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

Plaintiff is hereby notified that he is required, under Federal Rule of Civil Procedure 5(a), to send a copy of every paper or document filed with the court to the opposing parties or their attorney(s). Plaintiff should also retain a personal copy of each document. If plaintiff does not have access to a photocopy machine, he may send out identical handwritten or typed copies of any

documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to each defendant or to their attorney(s).

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk's Office of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin this 13th day of July, 2006.

BY THE COURT:

s/AARON E. GOODSTEIN
United States Magistrate Judge