UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

FADRIAN ANDREW SMITH,

    Plaintiff,

v.                                                          Case No. 06-C-700

HEALTH SERVICE UNIT, Brown
County Jail, and BROWN COUNTY
JAIL ADMINISTRATION,

    Defendants.

## ORDER

        Plaintiff Fadrian Smith ("Smith"), a pretrial detainee, who is currently confined at the Brown County Jail, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. By order of July 13, 2006, the court granted the plaintiff's request for leave to proceed *in forma pauperis* and allowed him to proceed on a Fourteenth Amendment denial of medical care claim. The defendants filed their answer to the complaint on August 25, 2006.

        On August 31, 2006, the plaintiff filed a "Motion for Temporary Injunction" in which he seeks a court order directing that he be "removed forthwith from the Brown County Jail Administration and placed in a facility of equal security." He contends that such an order is necessary because he is "being subject[ed] to further undo [sic] harm by said Brown County Jail Administration staff based solely on the fact that he filed a 42 U.S.C.

§1983: prisoner case against the Brown County Jail Administration, Health Service Unit."

The standards for a temporary restraining order and preliminary injunction are identical. The applicant has the burden of showing: (1) a reasonable likelihood of success on the merits, (2) no adequate remedy at law, and (3) irreparable harm if injunctive relief is denied. *Graham v. Med. Mut. of Ohio*, 130 F.3d 293, 295 (7th Cir. 1997). If the petitioner satisfies the initial three-step burden, the court must balance the irreparable harm to the nonmoving party if the injunction is granted against the irreparable harm to the moving party if the injunction is denied. *Id.* The court also must consider the effect of the injunction on non-parties. *Id.*

As a preliminary matter, the court notes that plaintiff has not demonstrated that he served the defendants with a copy of the "motion for a temporary injunction." Plaintiff was notified in the court's order of July 13, 2006, that under Rule 5(a) of the Federal Rules of Civil Procedure, he was required to send a copy of every paper or document filed with the court to the opposing parties or their attorney(s). In addition, he was advised that the court may disregard any papers or documents which do not indicate that a copy has been sent to each defendant or to their attorney(s). Thus, the plaintiff's failure to establish that he served his motion on opposing counsel warrants denial of his request for a temporary injunction.

The motion will also be denied because the plaintiff has failed to satisfy his initial burden for injunctive relief. The plaintiff's motion consists solely of his

- 2 -

unsubstantiated assertion that he is being subjected to "undo harm" while confined at the Brown County Jail. Such allegations do not demonstrate a reasonable likelihood of prevailing on the merits or that he will suffer irreparable harm if the injunction is not granted. Accordingly, the plaintiff's motion for a "temporary injunction" will be denied.

As an additional matter, the court notes that the plaintiff filed a letter requesting the appointment of counsel on August 15, 2006 – one day after the court denied his motion for the appointment of counsel on the ground that he had failed to show that he has made independent efforts to secure counsel and that such efforts were unsuccessful. To the extent that his August 15, 2006, letter constitutes a request for reconsideration of that decision, such request will be denied because it too fails to demonstrate that plaintiff has made a reasonable attempt to secure private counsel. *See Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995).

## ORDER

**NOW, THEREFORE IT IS ORDERED** that the plaintiff's "Motion for Temporary Injunction" be and hereby is **denied.**

**IT IS FURTHER ORDERED** that the plaintiff's request for reconsideration of the denial of his motion for the appointment of counsel be and hereby is **denied**.

**IT IS FURTHER ORDERED** that to expedite a resolution of this case, the parties shall comply with the following scheduling order:

1. **Discovery.** All requests for discovery shall be served by a date sufficiently early so that all discovery is completed no later than **December 8, 2006.**

> The parties are advised that, pursuant to Rule 30(a) of the Federal Rules of Civil Procedure, defendants may depose the plaintiff and any other witness confined in a prison upon condition that, at least 14 days before such a deposition, defendants serve all parties with the notice required by the rule.

2. **Dispositive Motions.** Motions to dismiss (Rule 12 of the Federal Rules of Civil Procedure) and motions for summary judgment (Rule 56 of the Federal Rules of Civil Procedure), together with briefs, are to be filed no later than **January 12, 2007**, and in accordance with Civil Local Rule 7.1. Copies of Rule 56 and Civil Local Rule 7.1 (E.D. Wis.) are included with this order.

   If a party files a motion for summary judgment, Rule 56 requires a district court to grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

   The plaintiff is advised that if a defendant files a motion for summary judgment supported by one or more affidavits or other materials, the plaintiff may not rely upon the allegations of the complaint but must introduce affidavits or other evidence to "set forth specific facts showing that there is a general issue for trial." Fed. R. Civ. P. 56(e).

3. **Compliance with Court Rules and Orders.** The plaintiff is further advised that failure to make a timely submission or otherwise comply with the court orders will result in the dismissal of this action for failure to prosecute.

4. **Service.** Under Fed. R. Civ. P. (5(a), a copy of **every** paper or document filed with the court must be sent to opposing parties.

   Dated at Milwaukee, Wisconsin, this 6th day of September, 2006.

                                          **SO ORDERED,**


                                          **s/ Rudolph T. Randa**
                                          **HON. RUDOLPH T. RANDA**
                                          **Chief Judge**

- 4 -

**Civil L.R. 7.1 Motion Practice**

(a) Every motion must set forth the rule pursuant to which it is made and, except for those brought under Civil L.R. 7.4 (Expedited Non-Dispositive Motion Practice), must be accompanied by (1) a supporting brief and, when necessary, affidavits or other documents, or (2) a certificate of counsel stating that no brief or other supporting documents will be filed. If the movant fails to comply with either (1) or (2) above, the Court may deny the motion as a matter of course.

(b) On all motions other than those for summary judgment or those brought under Civil L.R. 7.4 (Expedited Non-Dispositive Motion Practice), the opposing party must serve a response brief and, when necessary, affidavits or other documents within 21 days of service of the motion. The movant may serve a reply brief and, when necessary, affidavits or other documents, within 14 days from the service of the response brief.

(c) On motions for summary judgment, the opposing party must serve a response answering brief and affidavits or other documents within 30 days of service of the motion; the movant may serve a reply brief and, when necessary, affidavits or other documents within 15 days of service of the response brief. Parties must also comply with Civil L.R. 56.2 regarding additional summary judgment motion procedures.

(d) All filings under this must indicate the date and method of service. On a showing of good cause, the Court may extend the time for filing of any brief. Failure to file a timely brief shall be deemed a waiver of the right to submit it. All papers served under this rule must be filed promptly. (See Fed. R. Civ. P. 5(d).)

(e) Oral argument, if deemed appropriate, may be scheduled at the discretion of the judicial officer.

(f) Except by permission of the Court, principal briefs on motions must not exceed 30 pages and reply briefs must not exceed 15 pages, exclusive of pages containing the statement of facts, the proposed findings of fact as required by Civil L.R. 56.2, exhibits, and affidavits, but inclusive of headings and footnotes. A reply brief and any affidavits or other documents filed with the reply brief must be limited to matters in reply.

**Rule 56. Summary Judgment**

(a) For Claimant. A party seeking to recover upon a claim, counterclaim, or cross-claim or to obtain a declaratory judgment may, at any time after the expiration of 20 days from the commencement of the action or after service of a motion for summary judgment by the adverse party, move with or without supporting affidavits for a summary judgment in the party's favor upon all or any part thereof.

(b) For Defending Party. A party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof.

(c) Motion and Proceedings Thereon. The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

(d) Case Not Fully Adjudicated on Motion. If on motion under this rule judgment is not rendered upon the whole case or for all the relief asked and a trial is necessary, the court at the hearing of the motion, by examining the pleadings and the evidence before it and by interrogating counsel shall if practicable ascertain what material facts exist without substantial controversy and what material facts are actually and in good faith controverted. It shall thereupon make an order specifying the facts that appear without substantial controversy, including the extent to which the amount of damages or other relief is not in controversy, and directing such further proceedings in the action as are just. Upon the trial of the action the facts so specified shall be deemed established, and the trial shall be conducted accordingly.

(e) Form of Affidavits; Further Testimony; Defense Required. Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule must set forth specific facts showing that there is a genuine issue for trial. If the adverse party

does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

(f) When Affidavits are Unavailable. Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may such other order as is just.

(g) Affidavits Made in Bad Faith. Should it appear to the satisfaction of the court at any time that any of the affidavits presented pursuant to this rule are presented in bad faith or solely for the purpose of delay, the court shall forthwith order the party employing them to pay to the other party the amount of the reasonable expenses which the filing of the affidavits caused the other party to incur, including reasonable attorney's fees, and any offending party or attorney may be adjudged guilty of contempt.

(As amended Dec. 27, 1946, eff. Mar. 19, 1948; Jan. 21, 1963, eff. July 1, 1963; Mar. 2, 1987, eff. Aug. 1, 1987.)