UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

FADRIAN ANDREW SMITH,

    **Plaintiff,**

v.                                                                       Case No. 06-C-700

HEALTH SERVICE UNIT, Brown
County Jail, and BROWN COUNTY
JAIL ADMINISTRATION,

    **Defendants.**

## ORDER

Plaintiff Fadrian Smith, a pretrial detainee, who is currently confined at the Brown County Jail, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. By order of July 13, 2006, the court granted the plaintiff's request for leave to proceed *in forma pauperis* and allowed him to proceed on a Fourteenth Amendment denial of medical care claim. The defendants filed their answer to the complaint on August 25, 2006. Presently before the court is the plaintiff's "Motion for Tempoary [sic] Injunction" and "Motion for Extension of Time to File Iterrogatories [sic]" both of which were filed on October 4, 2006. These motions will be addressed herein.

### I. MOTION FOR TEMPORARY INJUNCTION

Although designated a motion for "temporary injunction," plaintiff's application is, in fact, one for a preliminary injunction. In his motion, plaintiff seeks a court

order directing that he be "removed forth with from the Brown County Jail, and placed in a facility of equal security." He argues that such an order is necessary because "he is being subjected to further undo [sic] harm." (Plaintiff's Motion for Tempoary [sic] Injunction at 1.) The instant motion is nearly identical to an earlier motion for a temporary injunction filed by plaintiff on August 31, 2006, which the court denied by order of September 6, 2006, on the ground that it consisted "solely of [plaintiff's] unsubstantiated assertion that he is being subjected to 'undue harm' while confined at the Brown County Jail." (Order Denying Motion for Temporary Injunction, Sept. 6, 2006, 2-3.)

The standards for a temporary restraining order and preliminary injunction are identical. The applicant has the burden of showing: (1) a reasonable likelihood of success on the merits, (2) no adequate remedy at law, and (3) irreparable harm if injunctive relief is denied. *Graham v. Med. Mut. of Ohio*, 130 F.3d 293, 295 (7th Cir. 1997). If the petitioner satisfies the initial three-step burden, the court must balance the irreparable harm to the nonmoving party if the injunction is granted against the irreparable harm to the moving party if the injunction is denied. *Id.* The court also must consider the effect of the injunction on non-parties. *Id.*

The instant motion for injunctive relief will be denied because the plaintiff again has failed to satisfy his initial burden for such relief. The plaintiff's motion consists solely of unsubstantiated assertions that he is being subjected to "undo harm," his phone calls and recreation time are restricted, he is only permitted one outgoing legal letter a week, the

- 2 -

law library is deficient and that "he has health conditions that are not be[ing] properly treated." (Pl.'s Mot. for Temp. Inj. 1-2.) Plaintiff has not pointed to evidence to support any of his assertions, which are, for the most part, unrelated to the Fourteenth Amendment denial of medical care claim upon which he is currently proceeding.

In the absence of such evidence, plaintiff is unable to show a likelihood of prevailing on the merits of his claim that the defendants' conduct violates his constitutional rights or that he will suffer irreparable harm if the injunction is not granted. Accordingly, the plaintiff's motion for a "temporary injunction" will be denied.

**II. MOTION FOR EXTENSION OF TIME TO FILE INTERROGATORIES**

Plaintiff asks that the time to file his response to defendants' interrogatories and requests for production of documents be extended sixty days because, as an indigent *pro se* litigant, he is only allowed one letter per week and he has had to contact a number of medical agencies to obtain his medical records in order "to honor the request of the defendant." (Motion for Extension 1.) He also maintains that an extension is warranted because he is being held in a facility that does not have a law library. The defendants argue that they would be prejudiced by a sixty-day extension because such an extension would mean that plaintiff's responses would not be due until December 4, 2006 – only four days before the December 8, 2006, deadline set by the court for the completion of all discovery.

Defendants' discovery request, which was served on the plaintiff on August 25, 2006, consisted of only five interrogatories and two requests for production of

- 3 -

documents. Interrogatory No. 1 asked plaintiff to identify healthcare providers who treated plaintiff in the past seven years and the nature of the treatment received. (Affidavit of Julie F. Kirby, Ex. A.) Interrogatory No.3 asked plaintiff to provide the name and address of every healthcare provider where plaintiff was treated for the events described in the complaint. (*Id*.) Interrogatory No. 4 asked plaintiff to state what medications plaintiff had been prescribed relating to the medical problem or injuries stated in the complaint. (*Id*.) Interrogatory No. 5 asked plaintiff to identify all witnesses presently known with knowledge of any facts alleged in the complaint. (*Id*.) In addition, defendant's requests for production of documents asked plaintiff to produce all documents relied upon in plaintiff's answers to the interrogatories and copies of all bills or invoices reflecting medical expenses incurred as a result of the conduct alleged in the complaint. It is undisputed that plaintiff has not responded to the requests for production of documents nor has he provided complete answers to defendants' interrogatories.[1]

    Plaintiff argues that he needs information from his medical records and an outside law library in order to fully respond to these discovery requests. The court is not persuaded that plaintiff needs to receive information from an outside law library before he can fully answer the discovery requests. All of the interrogatories and the requests for production seek information within plaintiff's personal knowledge or his medical records.

---

[1] It appears that plaintiff provided a complete answer to Interrogatory No. 2 which asked him to identify the name and address of each facility in which he was incarcerated over the last seven years and reason for incarceration. (Kirby Aff. Exs. A and B.)

- 4 -

This being said, plaintiff's assertion that he needs his medical records and/or billing information in order to fully respond to defendants' interrogatories and requests for documents is not unreasonable.

However, plaintiff's request that he be given an additional sixty days in order to respond to plaintiff's request is excessive. Defendants aptly point out that granting plaintiff an extension until December 4, 2006, to answer the discovery requests would not provide them with a sufficient opportunity to respond with additional discovery prior to expiration of the December 8, 2006, discovery deadline. Further, pursuant to Rules 33(b) and 34(b), Federal Rules of Civil Procedure, plaintiff had 30 days after service of the discovery requests to serve answers on the defendants. Thus, when plaintiff filed the instant motion to extend this deadline, his answers were already 10 days overdue. The court finds that extending the deadline for plaintiff to file his responses to defendants' interrogatories and requests for production until November 3, 2006, is appropriate under these circumstances.

## **ORDER**

**NOW, THEREFORE IT IS ORDERED** that the plaintiff's motion for temporary injunction be and hereby is **denied.**

**IT IS FURTHER ORDERED** that the plaintiff's motion for extension of time to file a response to the interrogatories and requests for production of documents is **granted** and

- 5 -

Case 2:06-cv-00700-RTR   Filed 10/27/06   Page 5 of 6   Document 38

the deadline for filing an answer to the interrogatories and requests for production of documents is extended to **November 3, 2006.**

Dated at Milwaukee, Wisconsin, this 27th day of October, 2006.

                                      **SO ORDERED,**

                                      <u>s/ Rudolph T. Randa</u>
                                      **HON. RUDOLPH T. RANDA**
                                      **Chief Judge**