UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

FADRIAN ANDREW SMITH,

    Plaintiff,

    v.      Case No. 06-C-700

HEALTH SERVICE UNIT, Brown
County Jail, and BROWN COUNTY
JAIL ADMINISTRATION,

    Defendants.

## ORDER

Plaintiff Fadrian Smith, a pretrial detainee, who is currently confined at the Brown County Jail, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. By order of July 13, 2006, the court granted the plaintiff's request for leave to proceed *in forma pauperis* and allowed him to proceed on a Fourteenth Amendment denial of medical care claim. The defendants filed their answer to the complaint on August 25, 2006. On October 20, 2006, plaintiff filed a "Request for Production of Monitored Mail List of Plaintiff/Fadrian Smith at Brown County Jail" which will be addressed herein.

Although not delineated as such, the court will treat the plaintiff's request for production as a motion to compel discovery under Rule 37, Federal Rules of Civil Procedure. As a preliminary matter, the court notes that the plaintiff did not file a certificate of service with his motion demonstrating that he has served the defendants with his motion

as required under Rule 5(a), Federal Rules of Civil Procedure and Civil Local Rule 7.1(d).[1] The plaintiff was notified in the screening order of July 13, 2006, that the court may disregard any papers or documents which do not indicate that a copy has been sent to each defendant or to their attorney. In addition, the plaintiff's motion fails to set forth the rule pursuant to which it is made as required under Civil Local Rule 7.1(a).

Further, plaintiff's request will be denied as it does not comply with Rule 37, Federal Rules of Civil Procedure and Civil Local Rule 37.1 which permit the court to compel discovery if the party seeking such discovery completes several steps before court intervention. The party seeking discovery must first direct his request to the opposing party. If the opposing party fails to provide the materials, the party must then "personal[ly] consult[]" with the opposing party and "attempt[] to resolve their differences." Civ. L.R. 37.1 (E.D. Wis.); see also Fed. R. Civ. P. 37(a)(2). If the party is still unable to obtain discovery, he may file a motion to compel discovery with the court pursuant to Rule 37(a), Federal Rules of Civil Procedure.

In order to ensure that court intervention in discovery is necessary, Civil Local Rule 37.1 sets forth the following requirement:

> All motions for discovery pursuant to Fed. R. Civ. P. 26 through 37 must be accompanied by a written statement by the movant that, after personal consultation with the party adverse to the motion and after sincere attempts to resolve their differences,

---

[1] The court also notes that plaintiff filed two letters with the court on October 31, 2006, and November 6, 2006, both of which also fail to indicate that copies were sent to the opposing party. As a result, the court is entitled to disregard those letters.

the parties are unable to reach an accord. The statement must also recite the date and time of such conference and the names of all parties participating in it.

Because the plaintiff's discovery motions was not accompanied by the written statement contemplated under Civil Local Rule 37.1, the court is unable to establish that the plaintiff made a prior demand of the defendants or engaged in the required personal consultation. For these reasons, court action at this time would be premature. Accordingly, plaintiff's "Request for Production" will be denied.

### ORDER

**NOW, THEREFORE IT IS ORDERED** that the plaintiff's "Request for Production" be and hereby is **denied.**

Dated at Milwaukee, Wisconsin, this 14th day of November, 2006.

**SO ORDERED,**

**s/ Rudolph T. Randa**
**HON. RUDOLPH T. RANDA**
**Chief Judge**