# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

FADRIAN ANDREW SMITH,

    Plaintiff,

    v.	Case No. 06-C-700

HEALTH SERVICE UNIT, Brown
County Jail, and BROWN COUNTY
JAIL ADMINISTRATION,

    Defendants.

## ORDER

On June 16, 2006, plaintiff Fadrian Smith, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. By order of July 13, 2006, the court granted the plaintiff's request for leave to proceed *in forma pauperis* and allowed him to proceed on a Fourteenth Amendment denial of medical care claim.

On November 7, 2006, the defendants filed a motion for sanctions including dismissal pursuant to Rules 37 and 41(b), Federal Rules of Civil Procedure. Court records indicate that the defendants' attorney mailed a copy of the motion and supporting brief and affidavit to the plaintiff on November 7, 2006. Under applicable court rules, the plaintiff should have filed a response to this motion on or before November 28, 2006. To date, the plaintiff has not filed any response to the defendants' motion.

By order of December 5, the court allowed the plaintiff extra time to file a response to the defendants' motion for sanctions and directed that any such response should be filed on or before December 18, 2006. A copy of that order was mailed to the plaintiff at the Brown County Jail which was his last known address. However, on December 11, 2006, the court received a notification from plaintiff of his change of address. Thereafter, on December 13, 2006, the copy of the order that had been mailed to the plaintiff was returned to the court as "undeliverable." Because it appeared that plaintiff did not receive the court's order directing him to serve a response to the defendants' motion for sanctions by December 18, 2006, the court granted the plaintiff additional time until January 8, 2007, to file his response to the defendants' motion for sanctions. *See* Court Order, December 22, 2006 (Docket # 48). The plaintiff was also advised in this order that his action may be dismissed for failure to prosecute under Civil L.R. 41.3 (E.D. Wis. ) if he failed to file a timely response. To date, no response has been filed.

District courts have inherent authority to dismiss a case *sua sponte* for a plaintiff's failure to prosecute. *Daniels v. Brennan*, 887 F.2d 783, 785 (7th Cir. 1989). A dismissal for lack of prosecution is appropriate when there is a clear record of delay or contumacious behavior. *Casteel v. Pieschek*, 3 F.3d 1050, 1055 (7th Cir. 1993); *Daniels*, 887 F.2d at 785. However, no case should be dismissed for failure to prosecute without "explicit warning" of the potential sanction. *Ball v. City of Chicago*, 2 F.3d 752, 755 (7th Cir. 1993). Furthermore,

there is no requirement that graduated sanctions be imposed before dismissing a case for failure to prosecute. *Id.* at 756.

Civil Local Rule 41.3 (E.D. Wis.), which governs dismissal for "lack of diligence," provides:

> Whenever it appears to the Court that the plaintiff is not diligently prosecuting the action the Court may enter an order of dismissal with or without prejudice. Any party can petition for reinstatement of the action within 20 days.

As noted, plaintiff was warned in the order of December 22, 2006, that his action could be dismissed for failure to prosecute if he did not respond to the defendants' motion. Thus, based on review of the record[1] and upon consideration of the applicable law, the court concludes that this action should be dismissed with prejudice. Accordingly, the defendants' motion for sanctions will be denied as moot.

## ORDER

**IT IS THEREFORE ORDERED** that the defendants' motion for sanctions be and hereby is **DENIED AS MOOT**;

**IT IS FURTHER ORDERED** that this case be and hereby is **DISMISSED** with prejudice pursuant to Civil L.R. 41.3 (E.D. Wis.); and

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to enter judgment accordingly.

---

[1] In their motion for sanctions, the defendants seek dismissal based on the plaintiff's lack of participation and cooperation in discovery matters.

Dated at Milwaukee, Wisconsin this 23rd day of January, 2007.

                                              SO ORDERED,

                                              s/ Rudolph T. Randa
                                              HON. RUDOLPH T. RANDA
                                              Chief Judge